IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NUMBER: 1:25-CR-010014-001

CALVIN THOMAS BROWN

## ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE TO PERMIT MONITORED ACCESS VIA CELL PHONE

Before the Court is Defendant Calvin Thomas Brown's Motion to Modify Conditions of Release to Permit Monitored Internet Access Via Cell Phone, brought by counsel, Assistant Federal Public Defender Alex Wynn. (ECF 36.) According to the motion, the Government objects to any modification of the supervised release conditions. Haley Hudson, the probation officer supervising Brown, has submitted a letter to the Court setting forth the Probation Office's basis for objecting to the modification. United States District Judge Susan O. Hickey has referred the Motion to Modify to the undersigned. (ECF. 37.)

In his motion, Brown requests modification of the present restriction on his access to and use of devices with internet capabilities. Brown "currently utilizes a cell phone with an internet limiting service for which he pays a fee, with allows him limited Wi-Fi access for work-related needs." (ECF. 36.) This usage complies with the release conditions which permit him limited internet access only for employment purposes. Brown complains, "[t]he current system in place causes significant delays in receipt of permitted text messages from his immediate family, as well as delayed text messages from his supervising United States Probation Officer." (*Id*.) Brown

1

seeks access to a monitoring system utilized primarily for post-conviction supervision for Brown's "personal everyday use in addition to work purposes." (*Id*.) Brown has entered a guilty plea on one charge of transportation of child pornography, but the Court has not sentenced him. (*Id.*)

The Court **DENIES** the Motion to Modify. First, the allowance for limited access to internet service for Brown is for "employment purposes." There is no suggestion in the Motion that Brown's employment is being hampered in any manner by the current service. Second, Brown does allege that there has been a delay in the receipt of text messages from the U.S. Probation Office, however that Office has indicated that "any such delays do not appear to impede pretrial supervision." Accordingly, Brown has presented no valid basis to warrant modification of this release condition.

**IT IS SO ORDERED** this 23rd day of December, 2025.

/s/ *Spencer G. Singleton*
Honorable Spencer G. Singleton
United States Magistrate Judge